UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA O'NEIL,

                              Plaintiff,

              – *against* –                                              **ORDER**

                                                                          19-cv-05283 (ER)
DANIEL PROVENZANO,

                              Defendant.

Ramos, D.J.:

    Patricia O'Neil, *pro se*, brought this action against Daniel Provenzano for defamation and
related claims on June 5, 2019.  Doc. 2.  On October 9, 2020, the Court entered a default
judgment against Provenzano in the amount of $222,978.00.  Doc. 33.  Provenzano appealed,
however he failed to pay the appeal fee, Doc. 36, and on May 18, 2021, the Second Circuit
dismissed the appeal.  Doc. 38.  On August 24, 2021, O'Neil filed a writ of execution of
judgment.  Doc. 42.  On October 25, 2024, O'Neil filed a letter asking that Provenzano be held in
contempt of default of the civil judgment.  Doc. 45.

    On January 30, 2025, O'Neil filed a motion to amend the judgment to include the name
of defendant's corporation, Genco Olive Oil Company ("Genco") as co-defendant.  Doc. 47.
O'Neil argues that Provenzano failed to comply with the Court's default judgment order or
respond to an information subpoena, and collection attempts have been unsuccessful.  *See id.*
O'Neil argues that Provenzano dodged attempts to serve by private process servers and US
Marshals between June 18, 2019, and January 17, 2020.  *Id.* at 2.  O'Neil alleges that
Provenzano's monetary assets were held in Genco's bank account on July 30, 2018, which he
used for personal expenses.  *Id.* at 1.  O'Neil contends that she did not know that she should have
included Genco as a co-defendant when filing the complaint on June 5, 2019.  *Id.* at 2.  O'Neil

does not provide the legal basis of her motion to amend the judgment.

"[A] party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Raydo v. City of New York,* No. 18 Civ. 10919 (DLC), 2020 WL 5913527, at *2 (S.D.N.Y. Oct. 6, 2020) (quoting *Metzler Inv. Gmbh*, 970 F.3d 133, 142 (2d Cir. 2020)). Indeed, "[i]t would be contradictory to entertain a motion to amend the complaint without a valid basis to vacate the previously entered judgment." *Id.* "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Id.*

Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The standard for granting a motion for reconsideration under Rule 59(e) is "strict." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). A court may grant a Rule 59(e) motion "only when the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Metzler*, 970 F.3d at 142 (quoting Fed. R. Civ. P. 59(e)) (citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (citation omitted). The decision to grant or deny the motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Rule 60(b) provides, in pertinent part, that the district court may grant a motion for relief from a judgment on the ground of "excusable neglect," Fed. R. Civ. P. 60(b)(1), or for "any other

reason justifying relief from the operation of the judgment," Fed. R. Civ. P. 60(b)(6).  *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).  Rule 60(b) motions brought pursuant to subsections (b)(1), (b)(2), or (b)(3) must be made not more than one year after the entry of judgment.  *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 189 (2d Cir. 2006).  Here, the default judgment was entered on October 9, 2020.  Doc. 33.  O'Neil therefore could not seek relief pursuant to Rule 60(b)(1).

Rule 60(b)(6) is "a catch-all provision that is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule."  *Raydo*, 2020 WL 5913527, at *3 (citation omitted).  However, O'Neil's motion suggests that she knew about Provenzano's Genco account as early as July 30, 2018.  Doc. 47 at 1.  O'Neil had ample opportunity to amend her complaint during the pendency of her action since June 5, 2019.  O'Neil argues that she proceeded *pro se* and *in forma pauperis* and relied on the pro se clinic to advise her on how to properly file her case.  Specifically, she argues that "SDNY's NYLAP Pro Se assistance program was authorized to advise [her] on proper filing of documentation relevant to the case and did not advise on the content of civil court documentation throughout the civil processes."  Doc. 47 at 2.  The Court construes O'Neil's pleading liberally and considers this an ineffective assistance of counsel claim pursuant to Rule 60(b).[1] Nonetheless, "[t]he catch-all provision does not permit relief to a client whose counsel has shown gross negligence absent a showing of exceptional circumstances, such as a mental disorder, or to a party who has made deliberate tactical decisions that do not stem from such a mental disorder."  *D'Angelo v. State Farm Fire & Casuality Co.*, 32 Fed.Appx. 604, 605 (2d Cir.

---

[1] O'Neil does not argue that she had an attorney-client relationship with the pro se assistance program.

2002).  O'Neil fails to show manifest injustice or extraordinary circumstances justifying the vacatur of the judgment.

       O'Neil's motion to amend judgment is denied, whether assessed under Rule 59(e) or Rule 60(b)(6).  Provenzano is directed to respond to O'Neil's motion for contempt by April 21, 2025.  A telephonic premotion conference is scheduled for April 29, 2025, at 11 am.  The parties are directed to dial 855-244-8681 and enter 2301 087 7354# when prompted.

       It is SO ORDERED.

Dated:   April 14, 2025
        New York, New York

                                         Edgardo Ramos, U.S.D.J.